UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JW, a minor child by Maryellen Wright, and
MARYELLEN WRIGHT,

        Plaintiffs,                      Case No. 14-cv-11334

v                                                      Honorable Thomas L. Ludington

MAYVILLE COMMUNITY SCHOOLS, et al.,

        Defendants.
_____/

## ORDER DIRECTING PARTIES TO FILE A MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

On April 1, 2014, Plaintiffs JW and Maryellen Wright instituted this federal action by filing a complaint against Defendants Mayville Community Schools and Martin Blackmer (ECF No. 1). On August 11, 2015, the Court conducted a telephone status conference with counsel for the parties. At that time, counsel reiterated that they had reached a settlement agreement and were in the process of establishing a conservatorship in the probate court. Pursuant to that conference, the Court issued an order directing the parties to submit closing documents via the Utilities function of CM/ECF on or before September 21, 2015 (ECF No. 16).

On August 27, 2015 the parties properly submitted copies of the documents establishing the conservatorship and the next friend's report on the reasonableness of the proposed settlement. The parties also submitted a settlement agreement that appears to have been approved by the probate court. However, because the instant action is a federal case involving a minor, the probate court did not have jurisdiction to approve any settlement agreement. The probate court's only role was to establish the conservatorship. *See* MICH. CT. R. 2.420(B)(3)-(B)(4) (providing that a dismissal pursuant to a settlement agreement "must be brought before the judge to whom

the action is assigned and the judge shall pass on the fairness of the proposal."). *See also* MICH CT. R. 2.420 1985 Staff Comment ("…after an action has been commenced, the settlement is to be approved by the court in which the action is pending. In that circumstance *the only role of the probate court is to consider the sufficiency of the bond filed by the conservator*, if one has been appointed.") (Emphasis added).

Because this is a federal action involving a minor, this Court has a special duty to safeguard the interests of litigants who are minors derived from Federal Rule of Civil Procedure 17(c). *See Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir.2011). In the context of proposed settlements in suits involving minor Plaintiffs, this Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citation omitted). *See also Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir.1997) (holding that the District Court would have been in error had it not "made an independent determination that the settlement was in the minor's best interest."). This duty exists even when the settlement has been recommended or negotiated by the minor's parent or guardian. *See Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.1983).

Plaintiff will thus be directed to file a motion for approval of the settlement agreement. A hearing will then be scheduled to determine whether the settlement serves the best interests of the minor.

Accordingly it is **ORDERED** that Plaintiff is **DIRECTED** to file a motion seeking approval of the settlement agreement on or before **September 24, 2015**.

                                                        s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

Dated: September 14, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2015.

s/Michael A. Sian<br>MICHAEL A. SIAN, Case Manager